**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**WESTERN DIVISION**

# FILED

AUG 0 5 2010



CLERK

---

SRE REAL ESTATE, LLC, a South Dakota
Limited Liability Company; and
DICK AND JANE'S OF STURGIS, LLC;
a South Dakot Limited Liability Company,

**Plaintiffs,**

v.

**CITY OF STURGIS, a Municipal Corporation,**

**Defendant.**

_____/

Case No.   CIV 10-5064

Honorable _____

MICHAEL PAULSON (Bar ID.: 3674   )
Counsel for Plaintiffs
P.O. Box 964
Sioux Falls, South Dakota 57101-0964
(605) 334-0005

SHAFER & ASSOCIATES, P.C.
BRADLEY J. SHAFER (P36604)*
MATTHEW J. HOFFER (P70495)*
Co-Counsel for Plaintiffs
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
(517) 886-6560
*Pending admission Pro Hac Vice*

Greg Barnier
Sturgis City Attorney
1040 2nd Street, Suite 103
Sturgis, South Dakota 57785
(605) 347-4422

_____/

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES AND COSTS

1

**NOW COMES** SRE Real Estate, LLC, and Dick and Jane's of Sturgis, LLC, by and through their attorneys, and state for their complaint against Defendants City of Sturgis, South Dakota, as follows:

## INTRODUCTION

1.    This is a civil action wherein Plaintiffs pray for a declaratory judgment, damages, attorney fees and costs, a temporary restraining order, as well as both a preliminary and permanent injunction to restrain and enjoin the Defendant, as well as is agents, employees and representatives, from acting under color of state law to deprive the Plaintiffs of their rights, privileges and immunities secured to them by the Constitution of the United States.    Specifically, Plaintiffs seek to have this Court declare as unconstitutional, both on its face and as applied, and to enjoin, all aspects of Chapter 11-12 of the South Dakota Codified Laws (being SDCL § 11-12-1 SDCL § 11-12-1.) which relate to what it defines as "adult oriented businesses," and well as Section 2.03.13 of City of Sturgis Municipal Code of Ordinances as applied to the circumstances described herein.    A copy of the Chapter 11-12 is attached hereto as Ex. "A," a copy of Section 2.03.13 of City of Sturgis Municipal Code of Ordinances is attached hereto as Ex. "B," and both are incorporated herein by reference (and collectively referred to as the "Regulations").

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court for the resolution of the substantial constitutional questions presented here by virtue of 28 U.S.C. §1331, 28 U.S.C. §1343(4), and 28 U.S.C. §1343(3), the latter of which provides, in pertinent part, that the district courts

shall have original jurisdiction over any civil action authorized by law to be commenced by any person:

> "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States. . . ."

3.      The statutory law which further authorizes the institution of this suit, and in particular the damage claims asserted herein, is 42 U.S.C. §1983, which provides, in part, as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, or any state or territory subjects or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4.      The prayer for declaratory relief is founded on Rule 57 of the Federal Rules of Civil Procedure as well as 28 U.S.C. §2201, the latter of which provides that:

> ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ."

5.      The jurisdiction of the Court to grant injunctive relief is conferred upon this Court by Rule 65 of the Federal Rules of Civil Procedure, and by 28 U.S.C. §2202, the latter of which provides:

> "Further necessary or proper relief on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

6.      Jurisdiction for the request for attorney's fees and costs is conferred by 42 U.S.C. §1988.

7.      No other action, civil or criminal, is pending in any state court involving the Plaintiffs regarding the activities and events at issue here.

8.    This suit is authorized by law to redress deprivations under color of state law of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution, and for declaratory and injunctive relief.

9.    Venue in this Court is appropriate as the various acts complained of occurred, and the Defendant is located, within the District of South Dakota, and more specifically within the County of Meade.

## PARTIES

10.   Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

11.   Plaintiff SRE Real Estate, LLC ("SRE"), is a limited liability company duly organized under the laws of the state of South Dakota, and is authorized and qualified to do business in the State of South Dakota.  David Eliason is its president.

12.   Dick and Jane's of Sturgis, LLC, is a limited liability company duly organized under the laws of the state of South Dakota, and is authorized and qualified to do business in the State of South Dakota.  David Eliason is its president.

13.   Charlie's of South Dakota, LLC, is a limited liability company duly organized under the laws of the State of South Dakota, and authorized and qualified to do business in the State of South Dakota.  David Eliason is its president.

14.   Defendant City of Sturgis is a municipal government located within and chartered under the laws of the State of South Dakota.

## RELEVANT PROVISIONS OF THE CITY OF STURGIS MUNICIPAL CODE OF ORDINANCES

15.     Section 2.03.13 of the City of Sturgis Municipal Code of Ordinances, entitled "Certificate

of Occupancy," provides:

Before an owner may cause a newly constructed building to be occupied, or has a
change of occupancy as defined in the Building Code, he/she shall first obtain a
certificate of occupancy from the Building Inspector.  The Building Inspector
shall issue an occupancy certificate upon completion of the building or prior to
change of occupancy if the building is found to be in compliance with the City of
Sturgis Ordinances and laws of the State of South Dakota.  No person shall
permit a structure to be occupied without first obtaining an occupancy certificate
as provided herein.

16.     Section 1.01.03 of the City of Sturgis Municipal Code of Ordinances, entitled "General

Penalty," provides:

Except as specifically provided within the applicable Title, any violation of the
provisions of the City of Sturgis Code of Ordinance is a Class 2 misdemeanor
punishable by the maximum punishment set forth by the laws of the state of South
Dakota pursuant to SDCL 22-6-2.  Said punishment may also include payment of
any cost and/or restitution authorized by this Title and/or state law.

## RELEVANT PROVISIONS OF CHAPTER 11-12

17.     Plaintiffs incorporate herein by reference each and every paragraph above as though fully

set forth herein.

18.     South Dakota Codified Laws § 11-12-2 of the provides:

No adult oriented business established after June 30, 2008, may be located within
one-fourth mile of a child welfare agency, a private or public school, a public
playground, a public recreational facility, a residence, or a pace of worship.  For
the purposes of this section, measurements shall be made in a straight line in all
directions, without regard to intervening structures or objects, from the nearest
point on the property line of a parcel containing an adult oriented business to the
neare3st point on the property line of a parcel containing a child welfare agency, a
private or public school, a public playground, a public recreational facility, a
residence, or a place of worship.  An adult oriented business lawfully operating in
conformity with this section does not violate this section if a child welfare agency,
a private or public school, a public playground, a public recreational facility, a
residence, or a place of worship subsequently locates within one-fourth mile of
the adult oriented business.  A violation of this section is a Class 1 misdemeanor.
Each day of violation constitutes a separate offense.

5

19.   South Dakota Codified Laws § 11-12-1(5) provides the following definition:

"Adult Oriented business," any adult arcade, adult bookstore or video store, cabaret, adult live entertainment establishment, adult motion picture theater, adult theater, massage establishment that offers adult service, or nude model studios.

20.   South Dakota Codified Laws § 11-12-1(2) provides the following definition:

"Adult Bookstore or video store," a commercial establishment that offers for sale or rent any of the following as one of its principal business purposes:

(a)   Books, magazines, periodicals, or other printed matter, photographs, films, motion pictures, video-cassettes or reproductions or slides, or other visual representations that depict or describe specific sexual activities or specific anatomical areas;

(b)   Instruments, devices, or paraphernalia that are designed for use in connection with specific sexual activities.

21.   The phrase "principal business purpose" is not defined anywhere within Chapter 11-12.

22.   South Dakota Codified Laws § 11-12-1(14) provides the following definition:

"Specific anatomical areas," any of t he following:

(a)   A human anus, genitals, the pubic region, or a female breast below a point immediately above the top of the areola that is less than completely and opaquely covered;

(b)   Male genitals in a discernibly turgid state even if completely and opaquely covered;

23.   South Dakota Codified Laws § 11-12-1(15) provides the following definition:

"Specific sexual activities," any of the following:

(a)   Human genitals in a state of sexual stimulation or arousal;

(b)   Sex acts, normal or perverted, actual or simulated, including acts of human masturbation, sexual intercourse, oral copulation, or sodomy;

(c)   Fondling or other erotic touching of the human genitals, pubic region, buttocks, anus, or female breast; or

6

(d)   Excretory functions as part of or in connection with any of the activities under subsection (a), (b), or (c) of this subdivision.

24.   South Dakota Codified Laws § 11-12-1(11) provides the following definition:

"Place of Worship," a structure where persons regularly assemble for worship, ceremonies, rituals, and education relating to a particular form of religious belief and which a reasonable person would conclude is a place of worship by reason of design, signs, or architectural or other features.

25.   South Dakota Codified Laws § 11-12-1(12) provides the following definition:

"Residence," a permanent dwelling place.

26.   The term "Public Recreational Facility" is not defined anywhere in Chapter 11-12.

## STATEMENT OF FACTS

27.   Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

28.   Plaintiff SRE possesses a leasehold interest and option to purchase certain real property and improvements located at 2611 Lazelle Street in Sturgis, South Dakota (the "Premises").

29.   Upon information and belief, and after having consulted with municipal officials and reviewing various zoning records and maps, it appears that the Premises are located within an Highway Service (HS) District pursuant to the provisions of the City of Sturgis Zoning Ordinance ("SZO"), being Title 18 of the City of Sturgis Municipal Code of Ordinances.

30.   Located upon the Premises is a commercial building of approximately 3600 square feet.

31.   Dick and Jane's of Sturgis, LLC, has entered into an operating agreement with SRE Real Estate, LLC, to operate thereupon a commercial retail establishment that, as its primary

purpose, offers for sale to the consenting public a wide variety of clothing, lingerie, bath & body products, shoes, hosiery, novelties, party supplies, gag gifts, and costumes; none of which are believed to constitute adult items pursuant to the definitions contained in SDCL § 11-12-1(2)(a)-(b). Dick and Jane's, LLC, also intends to offer for sale printed, videographic, and other materials of a sexual nature, all of which are non-obscene and presumptively protected by the First Amendment of the United States Constitution; and the sale of such materials in not intended to be a primary purpose of the business. The retail space of the establishment is to be approximately 1700 square feet and all of the printed, videographic, and other materials of a sexual nature will be restricted to a 12-foot by 12-foot are in the corner of the retail space, which is walled off and separated from the greater retail space by a solid door.

32. Generally, and without reference to Chapter 11-12, a retail commercial establishment of the size and general characteristics of that proposed to be operated upon the Premises by Dick and Jane's of Sturgis are permitted "by right" by the SZO to operate in the General Commercial (GC-1), Retail Commercial (GC-2), and Highway Service (HS) zoning districts, but are not permitted "by right" in any other zoning district. True and accurate excerpts of the SZO are attached hereto as Ex. C and incorporated by reference.

33. On or about July 6, 2010, Mr. Eliason met with Sturgis Director of Community Development Rick Bush, and described the business to operated upon the premises. It was explained that the business would primarily be a retail establishment that offers for sale to the consenting public a wide variety of clothing, lingerie, bath & body products, shoes, hosiery, novelties, party supplies, gag gifts, and costumes. The business would

also offer for sale printed, videographic and other materials of a sexual nature, all of which are non-obscene, and which would be confined to a separate walled-off corner of the store, separated from the larger retail display area by a solid door, and measuring approximately 12 feet by 12 feet.

34.   In his (on or about) July 6, 2010, meeting with Director Bush, David Eliason also provided Mr. Bush with art proofs for the signage to be used upon the Premises, which identified the business as "Dick and Jane's Naughty Spot."

35.   During this same period of time, about June 6, 2010, Mr. Eliason also had telephone conversations about the requirements for operating the proposed retail business in Surgis. During these conversations, Director Bush informed Mr. Eliason that he was aware that a company associated with Mr. Eliason operated an "adult" bookstore in Tea, South Dakota, and that another company associated with Mr. Eliason and located in Minnehaha, South Dakota was involved in an enforcement action regarding Chapter 11-12.  Mr. Eliason explained that he was no longer involved with any such stores in Tea, South Dakota.  Mr. Eliason also explained that the store in Minnehaha County carried a low percentage of items that could conceivably considered to be adult fare under Chapter 11-12 (the definitions contained in Chapter 11-12 make it difficult to decipher precisely what falls within its scope and what does not), and would likely prevail and ultimately determined not to be an "adult oriented establishment" pursuant to Chapter 11-12.

36.   Within the next week or two thereafter, a contractor for SRE applied for a building permit to remodel the interior of the 1700 square foot display area of the Premises by adding

"slot board" or "slat walls" to facilitate the use of hangers and other displays for the presentation of retail items.

37.     By a letter dated July 19, 2010, the City of Sturgis, though Director Bush, issued "to whom it may concern" a building permit application approval for the construction of slat walls for the interior of the Premises. A true and accurate copy of the letter is attached hereto as Ex. D, and incorporated by reference.

38.     The July 19, 2010, letter (attached as Ex. D), also included a notification that a new certificate of occupancy would be required in order for a business to open and operate upon the Premises.

39.     On or about July 28, 2010, a Sturgis building inspector and a Sturgis code enforcement official visited and inspected the premises. These individuals were able to view the layout of the Premises, including the rear 12' by 12' walled off area. A true and accurate copy of the building inspection report, dated July 29, 2010, is attached hereto as Ex. E, and incorporated by reference.

40.     Neither SRE Real Estate, LLC nor Dick and Jane's of Sturgis, LLC, ever formally applied for a certificate of occupancy to open and operate any business upon the Premises.

41.     On or about July 29, 2010, David Eliason again met with Director Bush, with the intention of applying for a certificate of occupancy on behalf of Dick and Jane's of Sturgis, LLC. However, Director Bush indicated that a decision had already been reached regarding the certificate of occupancy and handed Mr. Eliason a letter dated July

29, 2010, and directed to SRE Real Estate, and denying a certificate of occupancy for the Premises.

42.    An true and accurate copy of the July 29, 2010 letter of Director Bush denying the certificate of occupancy for the premises is attached hereto as Ex. F, and incorporated by reference.   The reason cited for denial was that Section 2.03.13 of City of Sturgis Municipal Code of Ordinances precludes the issuance of a certificate of occupancy to a building that is not in compliance with the laws of the State of South Dakota; that SDCL § 11-12-2 precluded the operation of an "adult oriented establishment" within ¼ mile of a residential areas; and that the Premises are located within ¼-mile of several residences.

43.    The City of Sturgis takes the position that the operation of a retail business upon the Premises, as described to Director Bush by Mr. Eliason during their July 6, 2010, meeting would constitute an "adult oriented business" within the meaning of Chapter 11-12.

44.    The City of Sturgis further takes the position that a certificate of occupancy can be denied on the basis that an applicant – or a company with a common officer, manager, or director as the applicant – operates or has formerly operated what the City regards to be a "adult oriented business" within the meaning of Chapter 11-12 elsewhere in the State of South Dakota.

45.    SRE does not believe that the business it intends to operate would in fact be an "adult bookstore or video store" or an "adult oriented use" within the meaning of Chapter 11-12. In any event, it has filed this action in order to protect their fundamental constitutional rights from infringement by the application of Section 2.03.13 of City of Sturgis Municipal Code of Ordinances and Chapter 11-12 against it.

46.   In order to have some type of retail establishment open and operating upon the Premises during the annual motorcycle rally in Sturgis, on or about July 30, 2010, Mr. Eliason submitted to Director Bush a handwritten request for a certificate of occupancy on behalf of Charlie's of South Dakota, LLC. A true and accurate copy of that request is attached hereto as Ex. G, and incorporated by reference. The application describes the purpose of the business to be the retail sale of clothing, shoes, greeting cards, bath & body products, trinkets and "any legal goods." Contemporaneously with the application Mr. Eliason explained to Director Bush that Charlie's of South Dakota, LLC, would not sell any item believed to fall within the purview of Chapter 11-12 or SDCL § 11-12-1(2)(a)-(b).

47.   Also, on July 30, 2010, SRE through counsel issued a letter to Sturgis and its legal counsel requesting that the City reconsider its certificate of occupancy denial directed to SRE Real Estate, issue the certificate of occupancy, and assist in ensuring that the businesses to be operated upon the Premises was operated in such a manner so as not to run afoul of Chapter 11-12. A true and accurate copy of the July 30 correspondence is attached hereto as Ex. H, and incorporated by reference.

48.   On or about August 3, 2010, the City of Sturgis, through its legal counsel, denied the certificate of occupancy requested for Charlie's of South Dakota, LLC, at least in part, on the basis that Sturgis believes that Mr. Eliason operates or has formerly operated business it regards to be "sexually oriented businesses" within the meaning of Chapter 11-12. A true and accurate copy of the City's August 3, 2010 correspondence is attached hereto as Ex. I, and incorporated by reference.

49.    Sturgis, by way of its August 3, correspondence also rejected reconsideration of the certificate of occupancy denial issued to SRE for the same reasons as described immediately above, and refused to provide guidance on how a business could be operated upon the Premises and in compliance with Chapter 11-12.

50.    None of the businesses proposed by any of the Plaintiffs to be operated upon the Premises or that Plaintiffs intent to operate upon the premises, in Plaintiff's belief and in fact, would be an "adult oriented business" within the meaning of Chapter 11-12.

51.    The City's letter of August 3, 2010, contains many inaccuracies, including the statement that Mr. Eliason indicated that the "adult oriented content of his store would not exceed 50%". Mr. Eliason has never described the proposed operation of any business upon the Premises in such a manner to Director Bush. Mr. Eliason has only described the business to operate upon the premises as having any content the City might regard as adult fare within the meaning of Chapter 11-12 restricted to a 12-foot by 12-foot area walled off in the rear of the Premises.

52.    In addition, there exists no parcel of land, or no reasonably available parcel of land within the municipal boundaries of Sturgis South Dakota where a "sexually oriented business" within the meaning of Chapter 11-12 could operate in compliance with the spacing requirements contained in SDCL § 11-12-2. A true and accurate copy of most recently published zoning map of Sturgis is attached hereto as Ex. J, and incorporated by reference.

53.    Plaintiffs have twice requested that Sturgis indicate where an "adult bookstore," within the meaning of Chapter 11-12, can open and operate in compliance with the City's

zoning ordinance and the spacing requirements of SDCL § 11-12-2 – once contemporaneously with the June 30 certificate of occupancy (see Ex. K, incorporated by reference) and once via the June 30, 2010, letter of counsel on behalf of SRE Real Estate, LLC (see Ex. H).  Still, Sturgis has failed to identify a single parcel where such a business may locate.

54.     Every day that the challenged Regulations are not enjoined from enforcement against the Plaintiffs, these Plaintiffs are being deprived of their fundamental rights under the First and Fourteenth Amendments to engage in speech and expression-related activities within the City of Sturgis and in particular upon the Premises.

## COUNT I - DECLARATORY RELIEF

55.     Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

56.     The Regulations are unconstitutional on their face and as applied to the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for numerous and various reasons, including, but not limited to, the fact that:

a.      They effectuate an impermissible prior restraint on speech and expression;

b.      They unduly, impermissibly, and unconstitutionally restrict the ability of individuals and businesses to engage in First Amendment protected activities within the City of Sturgis;

c.      They permit unbridled discretion by Sturgis and through its officials in determining whether to issue a certificate of occupancy;

d.      They deny Plaintiff and others their procedural due process rights under the First and Fourteenth Amendments;

e.      They fail to further any important, substantial or compelling governmental interest;

f.       They permit restrictions on speech and expression that are greater than are essential to further any asserted governmental interests;

g.      They permit restrictions on speech and expression that are not the least restrictive means available;

h.      They contain criteria that are both arbitrary and capricious and which are not supported by any legislative record;

i.       They contain numerous and various terms and phrases which are impermissibly vague, and ambiguous, and the applicable definitions as contained therein are impermissibly and substantially overbroad judged in relation to their plainly legitimate sweep;

j.       They have been applied against Plaintiffs by the City of Sturgis in an unconstitutional vague manner;

k.      They fail to contain the mandatory procedural guarantees as set forth in **Freedman v. Maryland**, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d (1965), in order to pass constitutional muster;

l.       They impermissibly single out First Amendment protected businesses for certain regulations;

m.     They violate the substantive due process rights of the Plaintiffs and others;

n.      They fail to provide for a constitutionally sufficient number of alternative sites for the engagement in these forms of First Amendment protected activities;

o.      They lack definite and articulable standards for determining the approval or denial of a certificate of occupancy;

p.      They were enacted upon an insufficient record and is not justified on any factual or legal ground; and

q.      They do not permit constitutionally protected "adult uses" to locate as a matter of right anywhere within its jurisdictional reach.

57.    In addition or alternatively the City of Sturgis denied the above described requests for a

certificate of occupancy out of a distaste for or disagreement with the nature, content or

message of the presumptively-protected printed, videographic and other materials to be offered for sale upon the premises.

58. In addition or alternatively the City of Sturgis denied the above described requests for a certificate of occupancy out of a distaste for or disagreement with the nature, content or message of the presumptively-protected printed, videographic and other materials that the Sturgis believes are offered for sale by unrelated entities that Sturgis believes are associated with Mr. Eliason.

59. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. §2201, Plaintiffs are entitled to a declaration that the Regulations are unconstitutional on its face and as applied to these Plaintiffs for the reasons set forth above.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court declare the Regulations unconstitutional on their face and as applied to these Plaintiffs.

## COUNT II - INJUNCTIVE RELIEF

60. Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

61. The Regulations have caused, and will cause, immediate and irreparable harm to Plaintiffs' federal constitutional rights if not enjoined, in that such provisions are preventing the Plaintiffs from engaging in constitutionally protected activities in the County.

62. As a result thereof, Plaintiffs have and will continue to suffer immediate and irreparable harm and injury, for which they cannot be fully compensated by a money judgment, if the Regulations are not immediately enjoined.

16

63.     The Regulations have been and are being and enforced against Plaintiffs and their lawful interests.  Such enforcement and application is both flagrantly and patently violative of Plaintiffs' federal constitutional rights.  There is no other remedy at law which would suffice to protect Plaintiffs' interests for the reasons above numerated.

64.     The public interest also is great, and would be served by the granting of injunctive relief.  Unless such relief is granted, the public's right to view and have access to certain entertainment protected by the First and Fourteenth Amendments to the United States Constitution is being precluded.  The public interest is always served by enjoining an unconstitutional law.

65.     Plaintiffs have a substantial likelihood of success of prevailing on their constitutional claims against the regulations, in that they are blatantly and patently unconstitutional.  The Defendant will suffer no harm by the entry of such an injunction, as there can be no legitimate governmental interest in enforcing an unconstitutional law.  In addition, the "balancing" of the equities tips in favor of the Plaintiffs and in the entry of a preliminary injunction, due to the paramount position of rights afforded under the First Amendment in comparison to the lack of harm occasioned to the Defendant if such an injunction is granted.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter both a preliminary and permanent injunction pursuant to Fed.R.Civ.P. Rule 65 and 28 U.S.C. §2202, enjoining the Defendant, as well as its officers, agents, employees and representatives, from enforcing the Regulations against the Plaintiffs, otherwise interfering with Plaintiffs' intended

17

business operation of its retail business upon the Premises, and directing the City of Sturgis to immediately issue Dick and Jane's of Sturgis, LLC, a certificate of occupancy for the Premises.

### COUNT III - DAMAGES AGAINST DEFENDANT CITY OF STURGIS

66.   Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

67.   All of the actions of the City of Sturgis, by and through its agents, employees and representatives, in applying the regulations against the Plaintiffs and their interests, have been undertaken, and will be undertaken, in the course and scope of official duties and under the color of state law.

68.   As a direct and proximate cause of the unconstitutional application and enforcement of the Regulations against the Plaintiffs and their interests, the Plaintiffs have incurred and suffered significant and substantial damages, and will in the future suffer significant and substantial damages, including, but not limited to loss of constitutional rights; lost business profits; loss of business reputation; and having to incur costs and attorney fees in seeking protection of their constitutional rights asserted herein.

69.   Any actions by the City of Sturgis to enforce the Regulations against the Plaintiffs has been and will be made under color of state law, and will unquestionably result in the deprivation of Plaintiffs' constitutional and civil rights as set forth above so as to render the City of Sturgis liable for these losses pursuant to 42 U.S.C. §1983.

70.   Pursuant to 42 U.S.C. §1983 and common law, Plaintiffs are entitled to damages for the injuries set forth above.  In the event that the court is unable to award actual damages, an award of nominal damages is available for the violation of Plaintiffs constitutional rights.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an award of damages against Defendant City of Sturgis only and in favor of the Plaintiffs in an amount to which Plaintiffs are found to be entitled.

### COUNT IV - ATTORNEY FEES AND COSTS

71.    Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

72.    Because the regulations are violative of the United States Constitution, both on their face and as applied to the Plaintiffs, and because its enforcement has and will deprive the Plaintiffs of their fundamental federal constitutional rights, Plaintiffs are entitled, as prevailing parties, to an award of costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to award costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment against Defendant, which would include:

A.    A declaration that the Regulations are unconstitutional on their face and as applied to the Plaintiffs;

B.    A preliminary and permanent injunction restraining the Defendants, including their officers, agents, employees, representatives, and all persons acting by, through, or for Defendant, from enforcing and/or applying the Regulations against Plaintiffs or against the intended business which to be operated on the Premises;

C.    Entry of an order permitting Plaintiff Dick and Jane's of Sturgis, LLC, to operate its intended business upon the Premises;

D.    Entry of an award of damages against Defendant City of Sturgis only and in favor of the Plaintiffs in an amount to which Plaintiffs are found to be entitled and/or for nominal damages;

E.    Entry of an award of costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988; and

F.    Entry of such other and further relief as the Court deems just and proper.

Respectfully Submitted:

Dated: August _5th_, 2010

MICHAEL PAULSON (Bar ID.: _3674_  )
Counsel for Plaintiffs
P.O. Box 964
Sioux Falls, South Dakota 57101-0964
(605) 334-0005

## CERTIFICATION/VERIFICATION

Under penalty of perjury, the undersigneds certify and verify that the factual statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigneds certify as to the aforesaid that he/she verily believes the same to be true.

**SRE REAL ESTATE, LLC.**

By:    David Eliason
Its:    President

**DICK & JANE'S OF STURGIS, LLC.**

By:    David Eliason
Its:    President

**CHARLIE'S OF SOUTH DAKOTA, LLC.**

By:    David Eliason
Its:    President

Subscribed and sworn to before me, a notary public, this 5th day of August, 2010.

Daneta Wollmann    , Notary Public
Pennington    County, South Dakota
Acting in    Pennington    , County
My Commission Expires:    10-10-15

21