UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SRE REAL ESTATE, LLC, a South Dakota Limited Liability Company; and DICK AND JANE'S OF STURGIS, LLC, a South Dakota Limited Liability Company, )<br>)<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF STURGIS, a Municipal Corporation, )<br>)<br>)<br>Defendant. ) | CIV. 10-5064-JLV<br><br>ORDER |

Pending before the court is a motion for a temporary restraining order and/or preliminary injunction filed by plaintiffs on August 6, 2010. (Docket 5). After providing notice to defendant, the court held a hearing on this matter on August 9, 2010. Attorney Michael Paulson appeared on behalf of plaintiffs. Attorneys Don Knudsen and Quentin Riggins appeared on behalf of defendant. The court has considered, within the context of Fed. R. Civ. P. 65 and the law on injunctive relief, the pleadings and motion filed in this case and the arguments of the parties at the hearing. The court makes the following findings consistent with the oral findings made at today's hearing:

    1.    On August 5, 2010, plaintiffs filed a complaint challenging the constitutionality of Section 2.03.13 of the City of Sturgis Municipal

Code of Ordinances and Chapter 11-12 of the South Dakota Codified Laws (collectively "the regulations"). (Docket 1). Plaintiffs seek declaratory relief, arguing the regulations are unconstitutional on their face and as applied under the First and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek injunctive relief and damages against the City of Sturgis.

2. A temporary restraining order or preliminary injunction is an extraordinary remedy, and the burden is on the movant to show relief should issue. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

3. The district court has sound discretion to grant or deny such relief. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 n. 8 (8th Cir. 1981) (*en banc*).

4. When determining whether to grant or deny a motion for a temporary restraining order or a preliminary injunction, the court weighs four factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Id. at 113.

5. Under Dataphase, the third factor focuses on the probability that the movant will succeed on the merits. 640 F.2d at 113. In Planned Parenthood v. Rounds, the Court of Appeals for the Eighth Circuit clarified that courts should employ a more rigorous analysis in cases where a preliminary injunction is sought to enjoin a government action based on presumptively reasoned democratic processes. 530 F.3d 724, 730-33 (8th Cir. 2008). In cases challenging duly enacted city ordinances or state or federal statutes, courts must make a threshold finding that the movant is *likely* to prevail on the merits. Id. at 733.[1]

6. SDCL § 15-6-24(c) provides in relevant part "When the constitutionality of an act of the Legislature affecting the public interest is drawn in question in any action to which the state or an officer, agency, or employee of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such time as to afford him the opportunity to intervene."

---

[1] "By re-emphasizing this more rigorous standard for demonstrating a likelihood of success on the merits in these cases, we hope to ensure that preliminary injunctions that thwart a state's presumptively reasonable democratic processes are pronounced only after an appropriately deferential analysis." Planned Parenthood, 530 F.3d at 733. Where the challenge is to a city ordinance, courts should examine whether the ordinance invoked the full play of the democratic process, and, if so, should apply this deferential standard. Id. at 732 n. 6.

7.  Fed. R. Civ. P. 5.1 provides in relevant part:

    (a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

    (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
    . . . .

    (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

    (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

8.  Neither the State of South Dakota, its officers, or its employees were named as parties to this action.

9.  The record is devoid of any evidence plaintiffs have complied with the notice requirements of SDCL § 15-6-24(c) and Fed. R. Civ. P. 5.1(a).

10. Consequently, the court cannot address the merits of plaintiffs' claims without allowing the Attorney General for the State of South Dakota the opportunity to intervene.

11. Because the court is precluded from evaluating plaintiffs' constitutional challenges to the regulations, the court cannot determine whether plaintiffs will suffer irreparable harm by the enforcement of the regulations.

12. The court finds the public interest favors denying plaintiffs' motion without prejudice. Plaintiffs challenge duly enacted regulations in which the public has a legitimate interest. The public would not be served by a hasty decision casting into doubt the validity of the regulations. To issue injunctive relief without input from the Attorney General and without carefully and fully considering the issues at bar would be rash and not in the public's best interest.

13. Given the state of the record, plaintiffs cannot meet their burden of proof under <u>Dataphase</u>. The court makes clear, however, it takes no position on the merits of plaintiffs' claims. Nor does the court's ruling preclude plaintiffs from refiling their motion once the Attorney General has had the opportunity to intervene.

In accordance with these findings, it is hereby

ORDERED that plaintiffs' motion for a temporary restraining order and/or preliminary injunction (Docket 5) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiffs shall comply with the notice requirement of SDCL § 15-6-24(c) and Fed. R. Civ. P. 5.1(a). Within fourteen (14) days of the date of this order, plaintiffs shall file a notice of constitutional question stating the question and identifying the paper that raises it and shall

serve the Attorney General for the State of South Dakota with the notice, paper, and all other documents filed in this case.

IT IS FURTHER ORDERED that, within sixty (60) days of service of this order, the Attorney General for the State of South Dakota may file a motion to intervene and supporting pleading consistent with Fed. R. Civ. P. 24.

IT IS FURTHER ORDERED that plaintiffs shall file a responsive brief within twenty-one (21) days of service of the Attorney General's motion and pleading.

IT IS FURTHER ORDERED that the court certifies to the Attorney General for the State of South Dakota that Chapter 11-12 of the South Dakota Codified Laws has been questioned within the meaning of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403(b).

IT IS FURTHER ORDERED that the Clerk of Court shall immediately serve this order upon the Attorney General for the State of South Dakota.

IT IS FURTHER ORDERED that defendant's motion to continue (Docket 15) is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' objections to the subpoena of David Eliason (Docket 14) are denied as moot.

Dated August 9, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE